**Robert CARPENTER, Plaintiff–Appellant,**

**v.**

**MINISTER OF JUSTICE, et al., Defendants–Appellees, Human Rights Commission of Chile, et al., Defendants.**

**No. 11–2829–cv.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2012.

670

Robert Carpenter, pro se, Southampton, NY, for Plaintiff–Appellant.

Paul S. Reichler (Paul S. Reichler, Janis H. Brennan, on the brief), Foley Hoag LLP, Washington, D.C., for Defendants–Appellees.

PRESENT: JOHN M. WALKER, JR., DEBRA ANN LIVINGSTON, CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Appellant Robert Carpenter, proceeding *pro se*, appeals from the district court's judgment granting the Defendants–Appellees' motion to dismiss his complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2). *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996). Here, an independent review of the record and case law reveals that, for substantially the same reasons stated by the district court in its decision, the court properly granted the Defendants–Appellees' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. Contrary to Carpenter's arguments on appeal, the court was not required to consider whether it had subject matter jurisdiction over his claims prior to considering whether it had personal jurisdiction over the defendants, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999), the court correctly applied New York's long-arm statute, C.P.L.R. § 302(a), in conducting its analysis, *see Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784–85 (2d Cir.1999), and Carpenter did not allege facts that, if credited, would satisfy any of the provisions of C.P.L.R. § 302(a).

We have considered Carpenter's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED.**